UNITED STATES of America ex rel. Albert DEMETER, #43669, Appellant,

v.

Howard YEAGER, Principal Keeper New Jersey State Prison, Trenton, N. J.

No. 17434.

United States Court of Appeals Third Circuit.

Argued Oct. 9, 1969.

Decided Nov. 12, 1969.

Rehearing Denied Jan. 6, 1970.

Richard R. Rulon, Dechert, Price & Rhoads, Philadelphia, Pa., for appellant.

John P. Jehl, Asst. Prosecutor, Camden, N. J. (A. Donald Bigley, Camden County Prosecutor, Camden, N. J., on the brief), for appellee.

Before McLAUGHLIN, FORMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In a New Jersey criminal court on May 11, 1953, appellant, represented by counsel, pleaded non vult to a charge of carnal abuse of an eight year old girl. He was sent to the State Diagnostic Center where he had a complete physical and mental examination. On June 25, 1953 in accordance with the Center's report, appellant was committed to the State Hospital at Trenton for an indefinite term. On March 3, 1954 he was transferred to the New Jersey State Prison from which he was paroled on June 4, 1957.

On · November 7, 1960 appellant pleaded non vult to indictments for lewdness and impairing the morals of a child and was sent to the State Diagnostic Center. On the recommendation of the latter, on January 12, 1961 he was committed to the New Jersey State Prison for an indeterminate term on each indictment, to run concurrently. On August 14, 1961 appellant filed an application for habeas corpus in the state court which was denied. He later filed a notice of appeal but did not prosecute it. Thereafter he filed a combined application for habeas corpus and post conviction relief. His claim then was that he had not been afforded an opportunity to make a statement prior to sentencing. Actually his attorney made a statement for him at that time. His sentence was corrected to read "That the defendant be committed to the Special Treatment Unit for Sex Offenders, Rahway, for an indeterminate period, in accordance with the provisions of N.J.S. 2A:164–6(b)."

On May 26, 1967, appellant filed a petition for post conviction relief, alleging that the State Sex Offenders Act causes punishment in excess of that called for by the particular statute charging the crime. He further claimed that he was subjected to cruel and unusual punishment from the convicts by reason of being segregated from them in name only and because of the type of his conviction. That petition was dismissed June 15, 1967. He was granted the right to appeal and did so. The appeal was dismissed as frivolous on August 29, 1967. Certification was denied October 3, 1967. Following that the present application for habeas corpus was filed in the District Court. The latter in an exhaustive opinion denied the application. The contentions below were much the same as now urged. It is asserted that the State Sex Offenders statute is unconstitutional as denying equal protection of the laws. The statute was soundly upheld in State v. Wingler, 25 N.J. 161, 175, 135 A.2d 468, 475 (1957) where the Court approved the "reasonable classification of criminals for purposes of sentence and release." We so view the New Jersey law in question. There is always the possibility of compulsive repetitive conduct emerging in the type of crime involved. The State statute merely provides for the remedial ascertainment of whether said condition does exist. If it does, then curative treatment is rendered the prisoner patient. The latter's cure is the end result sought for and hoped for. The procedure is a giant step forward in a humane, high level effort to eliminate the dreadful end results such as we have before us. Appellant's assertion that the New Jersey Sex Offenders Act calls for a separate, independent determination in no way related to the crime for which he had been indicted and that his 1953 commitment for an indeterminate term without a full hearing re the report of the diagnostic center was a denial of due process, relies entirely upon Specht v. Patterson, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967) and United States ex rel. Gerchman v. Maroney, 355 F.2d 302 (3 Cir. 1966). Those decisions do

not apply here. First, they dealt with statutes which created a special additional penalty which could extend to life imprisonment after conviction of certain specified offenses. We are concerned with a law that seeks to rehabilitate persons guilty of sex crimes who have a recurring tendency to commit the same type of offense. The confinement is indefinite as it largely depends upon the individual himself. However, under the law it cannot extend beyond the maximum sentence for the crime involved. There has been no evidence whatsoever from which any derogation of appellant's constitutional rights could be reasonably inferred. The recent opinion in State v. Blanford, 105 N.J.Super. 56, 59, 251 A.2d 138, 140 (1969) makes this all very clear. The court there said:

"Analysis of our own statute shows it to differ in at least one material respect from those dealt within the cited decisions. The indeterminate commitment on the psychiatric report of the existence of the statutory elements cannot be for a period of time greater than the legal maximum for the crime of which the offender was convicted. N.J.S. 2A:164–6, N.J.S.A. The person so committed may be released under parole supervision (which also cannot be for longer than the statutory maximum term, id.) by the State Parole Board after recommendation by a special classification review board. N.J.S. 2A:164–8, N.J.S.A. It is true that, in contrast with ordinary imprisonment, eligibility for parole is indefinite during the entire period and that there is no credit for 'good behavior' or for 'work time.' On the other hand, the prisoner may be paroled at an earlier time than under a straight sentence for the crime, and monetary compensation is allowable in lieu of remission of time for work performed. N.J.S. 2A:164–10, N.J. S.A.

"We conclude, therefore, that the findings of the statutory facts for special commitment under the act do not entail a heavier penalty on the offender, but only a different, specially adapted method of dealing with the offender, for both his benefit and that of society, during a period which cannot exceed that for which he was alternatively subject to penal incarceration for the crime of which he was convicted. The basic 'due process' rationale of Specht and the other cases relied on by defendant is thus not here apposite."

Secondly, it is the teaching of Specht and Gerchman that the offender be given the opportunity to rebut the diagnostic report.

█ To this end, the New Jersey rules of court now provide that the defendant or his counsel be given a report of the Diagnostic Center and afford to the offender an "opportunity to be heard thereon * * *" State v. Wingler, supra, 135 A.2d at 478. Although appellant was not afforded such an opportunity at the time of the first Diagnostic Center report in 1953, it would be a meaningless act for us to remand this case now for technical compliance with the rule.

The purpose to be served by such a remand would be to afford an opportunity to rebut the 1953 prediction of the center that there was then a probability of compulsive repetitive conduct. Appellant's subsequent history, exemplified by the indictments and plea of non vult in 1961 involving aberrative conduct, virtually precludes any nunc pro tunc refutation of the center's diagnosis in 1953. Moreover, even if this formidable obstacle was not present, he had sustained no actual prejudice as a result of the commitment. His subsequent early parole after his first commitment in 1953 after an initial incarceration of only three years and three months was a granting of parole at a much earlier date than that assured under the sentence ordinarily imposed for carnal abuse of a minor.

We find no merit in the contention that appellant was subjected to cruel and unusual punishment. Finally, appellant

asserts that he was not told by the sentencing Judge that he was subject to sentencing as a sex offender. There is no transcript of the sentencing. There is an affidavit by the attorney who represented appellant at that time. He states that the Judge explained the nature of the non vult plea, outlined that its effect was the same as a plea of guilty and that under it the full statutory penalty could be invoked. As the District Judge notes, that penalty limit of thirty years confinement was known to appellant when he so pleaded. There is nothing in the record in contradiction of the above. We consider that the District Court was fully justified in its conclusion that at the sentencing "the then existing constitutional safeguards were carried out as required."

The judgment of the District Court will be affirmed.

We are deeply grateful to assigned counsel for his thorough, excellent representation of appellant in this Court.